demonstrating self-dealing by Credit Suisse, as those documents were in its possession before the motion was decided (*see Rowe v NYCPD*, 85 AD3d 1001 [2d Dept 2011]). To the extent ADCB contends that those documents were part of a voluminous production of documents, such argument is unavailing (*see American Audio Serv. Bur.*, 33 AD3d at 476). Further, ADCB never made a request for additional time to review the documents before filing its opposition to defendant's motion, nor did it raise these "new" facts during oral argument on the motion two months later.

The federal indictments and complaint show new facts of mismarking and mispricing that ADCB was not aware of at the time the motion was being decided, as the indictments and complaint did not become public until six months after the court decided the motion to dismiss. Nevertheless, such evidence does not change the prior determination that ADCB has not stated a claim for fraud as the facts contained in the indictments and complaint do not show that the mismarking of assets affected the restructuring transaction. ADCB's contention to the contrary is speculative. Concur—Tom, J.P., Friedman, DeGrasse, Feinman and Gische, JJ.

■ In the Matter of MARISOL R., Appellant, v ATAI T., Respondent. [979 NYS2d 529]—Order, Family Court, Bronx County (Paul A. Goetz, J.), entered on or about April 8, 2013, which dismissed the petition for an order of protection, unanimously affirmed, without costs.

Family Court lacked jurisdiction over this matter under Family Court Act § 812. Concur—Tom, J.P., Friedman, DeGrasse, Feinman and Gische, JJ.

■ KAFA INVESTMENTS, LLC, et al., Appellants, v 2170-2178 BROADWAY LLC et al., Respondents. [979 NYS2d 529]—Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered January 23, 2013, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.

In the agreement governing plaintiffs' sale of their interest in an entity that owned certain hotels to defendants, the co-owners of the entity, plaintiffs released defendants from "any and all claims" "known and unknown." That language bars this action for fraud arising from the alleged intentional misrepresentation of the value of the entity and the interest (*Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V.*, 17 NY3d 269 [2011]). That defendants arguably are fiduciaries of plaintiffs does not invalidate the release, since they negotiated across the

table from plaintiffs, who are sophisticated parties represented by counsel (*see id.* at 278). Concur—Tom, J.P., Friedman, DeGrasse, Feinman and Gische, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARELL GRIMES, Appellant. [979 NYS2d 530]—Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered January 24, 2012, convicting defendant, after a nonjury trial, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of three years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The evidence supported the conclusion that defendant possessed numerous glassines of heroin with the intent to sell them.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Friedman, DeGrasse, Feinman and Gische, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE R. GREENBERG et al., Appellants. [979 NYS2d 333]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered October 7, 2013, which denied defendants' motion for recusal of the Justice from presiding over this matter, unanimously affirmed, without costs.

The court's brief comment that its "subjective view" of its ability to be impartial governed the motion does not suggest it applied the wrong standard of review (*People v Moreno*, 70 NY2d 403, 405 [1987]; *People v Glynn*, 21 NY3d 614, 618-619 [2013]). While the court interrupted defense counsel's arguments on the standard for recusal and the underlying reasons for seeking recusal, the court had the fully briefed motion papers of both parties setting forth all of their arguments.

To the extent that defendants challenge the court's various credibility determinations in its order, entered October 21, 2010, this Court has already adjudicated those issues and declined to reassign the matter at that time (95 AD3d 474 [1st Dept 2012], *affd* 21 NY3d 439 [2013]). In addition, as this Court previously noted, it was not error to rely on evidence in the related Gen Re criminal trial, as the convictions had not been overturned at the time of the court's ruling (*id.* at 484 n 3; *see United States v Ferguson*, 676 F3d 260, 289 [2011]).

The court's additional comments at oral argument on the